**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| JAG Oil Limited Partnership, | ) | |
| | ) | |
| Plaintiff, | ) | **AMENDED ORDER FOR FINAL** |
| | ) | **PRETRIAL CONFERENCE AND** |
| vs. | ) | **ORDER SETTING TRIAL** |
| | ) | **PREPARATION DEADLINES** |
| Wind River Resources, Inc., Hurley Oil | ) | |
| Properties, Inc., and G. William Hurley | ) | Case No. 1:23-cv-112 |
| Revocable Trust, | ) | |
| | ) | |
| Defendants. | ) | |

**IT IS ORDERED**:

A final pretrial conference will be held before the magistrate judge by telephone on January 21, 2025, at 9:00 AM. The conference shall be attended by lead counsel for each party, with authorization to bind the party on all matters addressed at the conference. To participate in the conference, the parties shall call (571) 353-2301 and enter "Call ID" 292466149. The conference may be recorded for the convenience of the court.

## MOTIONS IN LIMINE

Motions in limine shall be filed at least thirty (30) days prior to trial unless otherwise instructed by the court.

## PRIOR TO FINAL PRETRIAL CONFERENCE

<u>Prior to</u> the date of the final pretrial conference, counsel shall confer in person, by video, or by telephone for the purpose of examining and marking exhibits, as detailed below. At least two (2) business days before the final pretrial conference, counsel shall e-mail the following documents to ndd_J-Hochhalter@ndd.uscourts.gov:

(1)    Exhibit List for each party,

(2)    Witness List for each party, and

1

(3)     Expert Reports.

**Exhibits**: Counsel are directed to complete the physical marking and numbering of all papers and objects that are expected to be introduced as exhibits. Each exhibit is to be separately marked with an exhibit sticker. The parties must number the exhibits consecutively, with each party using separate numbers with sufficient gaps for unanticipated or rebuttal exhibits (e.g., the plaintiff using numbers P1-P20 and the defendant using numbers D50-D70). The exhibits shall be listed in the form of the Exhibit List posted on the court's website (http://www.ndd.uscourts.gov/forms/). If an exhibit includes subparts (e.g., multiple photographs marked as Exhibits 1A–1F), each subpart must be listed separately. Counsel will retain the exhibits in their possession. Counsel must disclose and list all exhibits relating to an issue on which their client has the burden of proof or the burden of going forward with the evidence. Each listed exhibit shall be designated as "**will offer**" or "**may offer**." **Documents** to be used solely for rebuttal purposes need not be numbered or listed until identified at trial.

Failure to list an exhibit as required by this order or to disclose an exhibit to adverse counsel will result, except upon a showing of good cause, in exclusion of the exhibit as evidence at trial. Each party shall make its exhibits available for inspection by other parties prior to the final pretrial conference.

**Witness Lists**: Counsel must submit a list identifying each witness counsel anticipates calling at trial and indicate whether each **will be** called or **may be** called. Failure to list a witness as required by this order or to disclose a witness to adverse counsel will result, except upon a showing of good cause, in exclusion of the witness from testimony at trial. Witness lists must also include an estimate of the length of each witness' testimony, an indication of whether each is a

fact witness or an expert witness, and whether appearance of any witness by remote means is requested. Counsel are encouraged to confer regarding anticipated order of witness testimony.

**Expert Reports**: Copies of expert reports prepared in accordance with Rule 26(a)(2)(B) by those experts the parties anticipate calling as witnesses shall be e-mailed to ndd J-Hochhalter@ndd.uscourts.gov at least two business days before the conference.

## AT THE FINAL PRETRIAL CONFERENCE

At the final pretrial conference, the parties should be prepared to discuss the voir dire process, the anticipated length of opening and closing statements, the details of each party's exhibit list, the details of each party's witness list, requests for sequestration of witnesses, responsibility for deposition editing, if required, any technology needs, and the anticipated length of each party's presentation. The parties should confer about those matters in advance of the final pretrial conference.

## FOLLOWING FINAL PRETRIAL CONFERENCE AND PRIOR TO TRIAL

**Trial Memorandum**: Counsel for the respective parties shall file a trial memorandum at least seven (7) days before the commencement of trial. The trial memorandum shall include a general statement of the case, citation of the authority upon which the party relies on unresolved legal issues, a general statement of the evidence to be offered, a statement of any evidentiary or procedural problem expected to arise, with citations of authority, and objection to admissibility of any exhibit identified in an adverse party's exhibit list. The court strongly encourages agreement as to foundation and expects counsel to waive foundation unless there is a strong, specific objection to a particular exhibit. Objections not disclosed in the trial memorandum (other than objections under Federal Rules of Evidence 402 and 403) shall be deemed waived unless excused by the court for good cause shown. See Fed. R. Civ. P. 26(a)(3).

**Depositions**: At least fourteen (14) days before trial, the offering party shall file and serve a designation of those portions of any depositions which will be presented at trial and the manner in which each of those depositions was recorded. A transcript of the pertinent portions of any deposition not stenographically recorded shall accompany the designation. The other parties shall have until seven (7) days before trial to designate additional portions of any deposition appearing on the offering party's list.

Any party who objects to admissibility of deposition testimony to be offered shall have until four (4) days prior to trial to file a list of objections it intends to preserve. All other objections will be deemed waived. Counsel shall then confer prior to commencement of the trial regarding editing of the depositions.

As to any deposition which may be used only if the need arises (other than solely for impeachment purposes), the offering party shall notify the court and other parties at least forty-eight (48) hours in advance that it <u>will</u> be offering the deposition at trial and identify the portions to be offered. The other parties shall then have twenty-four (24) hours to identify additional portions and to preserve any objections to admissibility of the deposition testimony. Objections not specifically preserved will be deemed waived. Counsel shall then confer prior to the offering of the deposition regarding editing of the testimony.

### Failure to Appear/Comply

Failure of counsel to appear at any scheduled final pretrial conference, or otherwise to comply with the provisions of this order, may result in dismissal or default, as may be appropriate.

Dated this 16th day of October, 2024.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court